UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PETERS** | \* CIVIL ACTION: _____ |
| | \* |
| **VERSUS** | \* |
| | \* JUDGE: _____ |
| | \* |
| **BREN BOYD, NATIONAL CASUALTY** | \* |
| **COMPANY, INFINITY SELECT** | \* MAG. JUDGE: _____ |
| **INSURANCE COMPANY, AND** | \* |
| **TRAVELERS INSURANCE COMPANY** | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Infinity Select Insurance Company (correctly referred to as Infinity Select Insurance Company in the body of the original Petition for Damages but incorrectly referred to in the caption of that pleading as Kemper Insurance Company), (hereinafter sometimes referred to as "Defendant"), without waiving any of its defenses or objections, who, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in the Civil District Court for the Parish of Orleans, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

**INTRODUCTION**

1.

Blake Peters (hereinafter, "Plaintiff") filed a lawsuit on October 5, 2022, styled *Blake Peters versus Bren Boyd, National Casualty Company, Kemper Insurance Company, and*

4198764 v1

*Travelers Insurance Company*, Civil Action No. 2022-09277, on the docket of Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, "State Court Action") against Bren Boyd, National Casualty Company, Infinity Select Insurance Company, and Travelers Insurance Company. While the caption of the State Court Action identifies Kemper Insurance Company as a defendant, only the name of Infinity Select Insurance Company appears in the body of the Petition for Damages. Kemper Insurance Company is an affiliate of Infinity Select Insurance Company, and thus it appears that an error was made in the caption of Plaintiff's Petition for Damages. The suit arises out of injuries allegedly suffered by Plaintiff due to a two-vehicle accident which is alleged to have occurred on December 5, 2021.[1] Plaintiff seeks various damages for injuries he claims were caused by that auto accident.

## REMOVAL JURISDICTION

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

---

[1] *See* Copy of State Court Record, attached as Exhibit 1 to the Notice of Removal.

## **THE PARTIES**

**Plaintiff is a citizen of Louisiana.**

3.

Plaintiff, Blake Peters, at the time he commenced the State Court Action, was a resident and domiciliary of the Orleans Parish, State of Louisiana, as alleged in the Petition for Damages, attached hereto as a part of Exhibit 1.[2]

**The Defendants are diverse from the Plaintiff.**

4.

Defendant, Infinity Select Insurance Company, at the time the State Court Action was commenced, was and still is a foreign insurer domiciled in the State of Indiana and with its home office address located at 2555 E. 55th Place, Suite 209, Indianapolis, IN 46220, and its business address and principal place of business at P.O. Box 830189, Birmingham, AL 35283.[3]  Thus, Defendant Infinity Select Insurance Company is diverse from Plaintiff.

5.

Defendant, Bren Boyd, at the time the State Court Action was commenced, was and still is natural person domiciled at 18888 Stonegate Road, Hidden Valley Lake, CA 96567.[4] Thus, Defendant Bren Boyd is diverse from Plaintiff.

6.

Defendant, National Casualty Company Insurance Company, at the time the State Court Action was commenced, was and still is a foreign insurer domiciled in the State of Ohio and with

---

[2] *Id.*, at p.3.

[3] *See* Exhibit 2 to the Notice of Removal.
[4] *See* Exhibit 1 at p.3, and more particularly, paragraph I of Plaintiff's Petition for Damages.

its principal business address located at 18700 N. Hayden Road, Scottsdale, AZ 85255.[5] Thus, Defendant National Casualty Company is diverse from Plaintiff.

7.

Defendant, Travelers Commercial Insurance Company, at the time the State Court Action was commenced, was and still is a foreign insurer domiciled in the State of Connecticut and with its principal business address located at One Tower Square, Hartford, CT 06183.[6] Thus, Defendant Travelers Commercial Insurance Company is diverse from Plaintiff.

8.

Undersigned counsel certifies that he has communicated with counsel for Bren Boyd, who has confirmed that Bren Boyd consents to removal. Undersigned counsel further certifies that he has communicated with counsel for National Casualty Company, who has confirmed that National Casualty Company consents to removal. Undersigned counsel further certifies that he has communicated with counsel for Travelers Commercial Insurance Company Insurance Company, who has confirmed that the insurance policy at issue in this matter was issued by Travelers Commercial Insurance Company (not Travelers Insurance Company as alleged in the Petition for Damages), and that Travelers Commercial Insurance Company Insurance Company consents to removal.

9.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiff does not share citizenship with the Defendant.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

10.

---

[5] *See* Exhibit 3 to the Notice of Removal.
[6] *See* Exhibit 4 to the Notice of Removal.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[7]

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[8] Further, the U.S. Supreme court has held: "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."[9]

11.

Plaintiff's Petition for Damages alleges that he sustained personal injuries (but does not describe those injuries in detail), and that plaintiff incurred medical expenses, suffered a loss of past and future wages, and damages to his vehicle.[10] Plaintiff also alleges that Bren Boyd was intoxicated at the time of the accident and Plaintiff seeks punitive damages from all defendants.[11] Plaintiff's counsel provided information and documentation to the defendants' representatives sowing that due to the injuries from the December 5, 2021 accident, Plaintiff initially received chiropractic treatment and was then referred to specialist for unresolved neck and back pain as of 13 months after the accident, underwent a cervical and lumbar MRI's and received a diagnosis of

---

[7] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).
[8] *De Aguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993).
[9] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).
[10] *See* Copy of State Court Record, attached as Exhibit 1 to the Notice of Removal, and more particularly, paragraph XV of Plaintiff's Petition for Damages.
[11] *Id*. at paragraph XI.

a lumbar disc herniation and a cervical disc herniation. Further, the medical records provided show that Plaintiff's injuries remain unresolved and that Plaintiff continues to undergo medical treatment despite the passage of more one year since the accident occurred.

12.

Plaintiff seeks to recover the following, non-exclusive damages: a) past and future pain and suffering; b) past and future medical expenses; c) mental anguish and distress; d) past and future lost wages; e) property damages; and f) punitive damages.[12] In *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000), the United States Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount. The same is true for Plaintiff's claimed damages here.

13.

Furthermore, Plaintiff's petition did not allege a specific amount in dispute, nor did it include an allegation or a stipulation that plaintiff's damages, excluding interest and costs, do not exceed $75,000.00. Although most Louisiana federal courts have stated that the failure to include an art. 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels Co. LLC*, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm*, 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi-Chem Grp., LLC*, 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012).

---

[12] *See* Copy of State Court Record, attached as Exhibit 1 to the Notice of Removal, and more particularly, paragraphs XI and XV of Plaintiff's Petition for Damages.

4198764 v1

14.

In light of the ongoing nature of Plaintiff's alleged injury after the passage of a year, and his claim of special damages and punitive damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, and therefore this Court may assume jurisdiction over this matter under 28 U.S.C. §1332(a).

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

15.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Orleans Parish, Louisiana, where the state court action is pending.  *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

16.

Defendant's Notice of Removal is timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days Defendant's receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."   Plaintiff requested service of his state court action upon Kemper Insurance Company's agent for service of process.  On February 15, 2023 the citation and petition naming Infinity Select Insurance Company was served via CT Corporation.[13] Kemper Insurance Company is not named as a defendant in the body of the Plaintiff's original Petition for Damages, but was incorrectly identified in the caption thereof, and Kemper Insurance Company is an affiliate of Infinity Select Insurance Company.

16.

---

[13] *See* Exhibit 5, and more particularly, the Wolters Klower/CT Corporation Service of Process Notification showing that service was received on 02/15/2023.

7

4198764 v1

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition for Damages and all documents filed in Suit No. Civil Action No. 2022-09277, on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana and served upon Defendant to date, including Plaintiff's Petition for Damages, which comprise Exhibit 1 hereto.

17.

Contemporaneous with this filing, written notice will be given to all adverse parties, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, Infinity Select Insurance Company, hereby gives notice that the proceeding bearing Suit No. Civil Action No. 2022-09277 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Court Action, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

BLUE WILLIAMS, LLP

_____
VIRGIL A. LACY, III (LSBA #18293)
vlacy@bluewilliams.com
3421 N. Causeway Blvd., Suite 900
Metairie, LA  70002
Telephone:  (504) 830-4919
Facsimile:  (504) 849-3033
**ATTORNEY FOR INFINITY SELECT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I do hereby certify that on the 8th day of September 2022, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to the following via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first.

Eric A. Wright
Daryl A. Gray
Summer S. Bluford
201 St. Charles Ave., Suite 3206
New Orleans, LA 70170
(504) 584-8870
summer@wrightgray.com
Attorneys for Blake Peters

Philip Watson
Duplass APLC
433 Metairie Road, Ste. 600
Metairie, LA 70005
pwatson@duplass.com
Attorney for Bren Boyd

Stephanie McLaughlin
Maricle & Associates
3838 N Causeway Blvd Ste 3160
Metairie, LA 70002
(504) 832-7630
smclaug6@travelers.com
Attorney for Travelers Insurance Company

Zachary P. Fickes
Wilson Elser Moskowitz Edelman & Dicker, LLP
400 Poydras St Ste 2250
New Orleans, LA 70130
(504) 702-1219
zachary.fickes@wilsonelser.com
Attorney for National Casualty Company

                              _____
                              VIRGIL A. LACY, III (LSBA #18293)